UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: FABIOLA IS RA EL BEY,<br>*Debtor*, | BANKR. NO. 18-51343 (JAM)<br>*Chapter 13* |
| FABIOLA IS RA EL BEY,<br>*Appellant*,<br><br>v.<br><br>U.S. BANK NATIONAL<br>ASSOCIATION<br>*Appellee*. | CIVIL NO. 3:18-CV-02093 (KAD)<br><br><br><br>JANUARY 21, 2020 |

## MEMORANDUM OF DECISION

Kari A. Dooley, United States District Judge:

Pending before the Court is the appeal of debtor Fabiola Is Ra El Bey ("Ms. Bey" or "Appellant") from an order of the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court") dismissing her Chapter 13 bankruptcy case and imposing a two-year re-filing bar. For the reasons set forth below, the Court AFFIRMS the order of the Bankruptcy Court.

**Background**

On October 17, 2018, Ms. Bey filed a Chapter 13 petition in the Bankruptcy Court. Soon thereafter, on October 30, 2018, U.S. Bank National Association, as Trustee, Successor to Bank of America National Association, as Successor by Merger to LaSalle Bank National Association, as Trustee for the RAMP Series 2007-RS1 Trust ("U.S. Bank" or "Appellee"), moved to dismiss the case pursuant to 11 U.S.C. § 1307(c) and to impose a two-year re-filing bar on Ms. Bey pursuant to 11 U.S.C. §§ 105(a), 349(a) for her alleged "bad faith" in abusing the bankruptcy process to frustrate an underlying foreclosure proceeding regarding property located at 85 Westport Road, Easton, Connecticut 06612 (the "Property"). Ms. Bey filed an objection to the

motion to dismiss and, on December 13, 2018, the Bankruptcy Court held a hearing on the motion. The Bankruptcy Court granted the motion at the conclusion of the hearing. The following day, the Bankruptcy Court issued an order dismissing Ms. Bey's Chapter 13 case with prejudice and barring her from re-filing in the Bankruptcy Court for two years.

On December 19, 2018, Ms. Bey filed a notice of appeal with this Court. Ms. Bey then filed an emergency motion for stay pending appeal on January 2, 2019, which this Court denied on January 4, 2019. Thereafter, on February 19, 2019, Ms. Bey filed her appellant's brief in which she asserts that the Bankruptcy Court erred in finding that U.S. Bank had standing to move for dismissal of her Chapter 13 case pursuant to 11 U.S.C. § 1307(c).[1] Neither the Bankruptcy Trustee nor U.S. Bank filed a brief in opposition.

**Standard of Review**

Courts "review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). Importantly for this case, "[t]he existence of standing is a question of law that we review de novo." *Shain v. Ellison*, 356 F.3d 211, 214 (2d Cir. 2004). When considering this appeal, the Court is mindful that submissions by *pro se* litigants, such as the Appellant, are "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted; internal quotation marks omitted).

**Discussion**

On appeal, Ms. Bey challenges the Bankruptcy Court's order on the basis that the Bankruptcy Court erred in finding that U.S. Bank had standing to move for dismissal of her Chapter 13 case pursuant to 11 U.S.C. § 1307(c). Ms. Bey appears to advance two main arguments:

---

[1] Ms. Bey does not challenge the Bankruptcy Court's substantive determination to grant the motion and issue the bar. She challenges only the Bankruptcy Court's determination that U.S. Bank had standing to bring the motion.

(1) U.S. Bank did not provide the Bankruptcy Court with sufficient evidence for the Bankruptcy Court to find that U.S. Bank was a "party in interest" and (2) U.S. Bank may not argue that it holds the 1st mortgage on the Property by virtue of an Assignment of Mortgage between Bank of America, National Association as Successor by Merger to LaSalle Bank National Association as Trustee RAMP 2007-RSI ("Bank of America") and U.S. Bank executed on August 11, 2017 for a variety of reasons, including res judicata, collateral estoppel, and judicial estoppel, apparently due to the proceedings in either Ms. Bey's prior Chapter 7 case or the state court foreclosure action.

Pursuant to 11 U.S.C. § 1307(c), "on request of a party in interest . . . the court . . . may dismiss a case under this chapter . . . for cause . . . ." A "party in interest" is "any party who has an actual pecuniary interest in the case, who has a practical stake in the outcome of a case, or who will be impacted in any significant way in the case." *In re Hardy*, 589 B.R. 217, 225 (D.D.C. 2018) (internal quotation marks and citations omitted) (finding that a party with a mortgage claim on the debtor's property had standing to bring a motion pursuant to § 1307(c) as a "party in interest").

Here, although the Bankruptcy Court made no explicit finding that U.S. Bank was a "party in interest," the Bankruptcy Court did so implicitly when it found that U.S. Bank had standing to seek dismissal pursuant to § 1307(c). *See* Transcript of Hearing on U.S. Bank's Motion to Dismiss, ECF No. 14 at pg. 65 (Bankruptcy Court, referencing the motion to dismiss submission, rejected Ms. Bey's assertion that U.S. Bank had provided insufficient information to establish that it had standing). In fact, U.S. Bank cited to numerous events in the state foreclosure action which made manifest its "interest" in Ms. Bey's bankruptcy.[2]

---

[2] Ms. Bey does not dispute U.S. Bank's recitation of the events which unfolded in the foreclosure action, to include that U.S. Bank is the very entity against whom Ms. Bey is litigating in the foreclosure action. *See, e.g.*, U.S. Bank's Motion to Dismiss, ECF No. 8 at pgs. 7–18 ("[T]he trial court [in the foreclosure action] . . . entered a Memorandum of Decision . . . [o]n the cross motions for summary judgment in favor of **the Movant**. . . ."; "Prior to the argument on the cross motions for summary judgment, Debtor filed seven (7) motions in limine with regard to **Movant's** motion for summary judgment . . . All of **Movant's** objections to the motions in limine were sustained.") (emphasis

3

Separate and distinct from the Bankruptcy Court's reliance on the moving papers in rejecting Ms. Bey's assertion, a de novo review of the record makes clear that U.S. Bank was a "party in interest" to the bankruptcy and, therefore, had standing under § 1307(c). This conclusion is easily reached upon a review of the state court foreclosure docket regarding the Property. U.S. Bank's Motion to Dismiss, ECF No. 8 at pg. 8; *see Bank of America, National Association v. Fabiola Derisme, et al*, No. FBT-CV09-6003691-S (Conn. Super. Ct. filed August 7, 2009).[3] According to the foreclosure docket, the state court entered a judgment of strict foreclosure in favor of Bank of America on February 26, 2018. *See Fabiola Derisme, et al*, No. FBT-CV09-6003691-S, Dkt. No. 500. On March 15, 2018, Bank of America assigned the judgment of strict foreclosure to U.S. Bank and the assignment was filed with the court. *Id.* at Dkt. No. 509; *see also* Exhibit C to U.S. Bank's Objection to Appellant's Motion to Stay, ECF No. 6-3 at pgs. 2–3. As the holder of the judgement of strict foreclosure on the Property, U.S. Bank was a "party in interest" with respect to Ms. Bey's Chapter 13 case.[4] *See, e.g.*, *Small v. Neighborhood Hous. Servs. of New Haven, Inc.*, 589 B.R. 31, 33–35 (D. Conn. 2018), *appeal withdrawn sub nom. In re Small*, No. 18-2297, 2019 WL 3731371 (2d Cir. Feb. 21, 2019) (finding that a potential judgment creditor was a "party in interest"). Indeed, U.S. Bank was directly impacted by Ms. Bey's Chapter 13 case insofar as the automatic stay prevented it from proceeding with the foreclosure action, which Ms.

---

added). "Movant" is a reference to U.S. Bank, the movant on the motion to dismiss in the proceedings before the Bankruptcy Court.

[3] The Court may take judicial notice of the superior court foreclosure action and the filings therein. *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

[4] Ms. Bey also appears to argue that because the superior court denied U.S. Bank's motion to be substituted as a party plaintiff in the foreclosure, it is precluded from asserting any interest in the bankruptcy. She is mistaken. The superior court rejected the motion not because U.S. Bank did not have a recognized interest in the property. Quite to the contrary, it denied the motion on procedural grounds and in so doing, specifically found that the foreclosure could be prosecuted in either the name of the Assignor (Bank of America) or the Assignee (U.S. Bank). As such, there was no basis to substitute U.S. Bank as the Plaintiff under the standards for substitution. *See* Exhibit B to U.S. Bank's Objection to Appellant's Motion to Stay, ECF No. 6-2.

Bey was still litigating in the state court. *See* 11 U.S.C. § 362(a)(2). Accordingly, as a "party in interest," U.S. Bank had standing to move for dismissal of Ms. Bey's Chapter 13 case pursuant to § 1307(c).[5]

**Conclusion**

For the foregoing reasons, the Court AFFIRMS the order of the Bankruptcy Court dismissing Appellant's Chapter 13 case with prejudice and imposing a two-year re-filing bar on the Appellant.

**SO ORDERED** at Bridgeport, Connecticut, this 21st day of January 2020.

                                          */s/ Kari A. Dooley*
                                          KARI A. DOOLEY
                                          UNITED STATES DISTRICT JUDGE

---

[5] In light of the Court's conclusion, the Court need not address the Appellant's alternative arguments.